# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES J. CLINTON,
INDIVIDUALLY; AND INDEPENDENT
PLANNING ASSOCIATES, LLC, A
FOREIGN ENTITY,
Appellants,
vs.
EILEEN GOLDMAN; AND LESTER
FRALEY, HUSBAND AND WIFE,
Respondents.

No. 67052

**FILED**

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
    DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a motion to compel arbitration in a breach of contract action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Respondents entered into contracts for financial services with National Planning Corporation (NPC) and those contracts included an arbitration provision. Prior to and after the entry of those contracts, appellants also provided services to respondents. Respondents filed the underlying action against appellants and NPC who then filed a motion to compel arbitration. The district court granted the motion as to NPC but denied it as to appellants. This appeal followed.

Having considered the parties' arguments and the record on appeal, we conclude the district court properly denied the motion to compel arbitration as to appellants because the court's conclusion that there was no agreement to arbitrate between appellants and respondents is supported by substantial evidence. *See Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 629, 633, 189 P.3d 656, 659 (2008) (providing that "[t]he question of whether an agreement to arbitrate exists is one of fact, requiring this court to defer to the district court's findings unless they are

16-11863

clearly erroneous or not based on substantial evidence" (internal quotation omitted)). Appellants were not parties to the agreements to arbitrate between respondents and NPC, nor are they expressly mentioned in those agreements to arbitrate. *Id.* at 633-34, 189 P.3d at 659-60 (explaining that the absence of a written agreement to arbitrate between the parties supports the denial of a motion to compel arbitration). Further, appellants do not argue that they are bound to the arbitration agreements through any of the recognized "theories for binding nonsignatories to arbitration agreements: 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." *Id.* at 634-35, 189 P.3d at 660 (internal quotation omitted).[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

cc:    Hon. Joanna Kishner, District Judge
       Lansford W. Levitt, Settlement Judge
       Lipson Neilson Cole Seltzer & Garin, P.C.
       Kirk T. Kennedy
       Eighth District Court Clerk

_____

[1]To the extent appellant Charles Clinton acted as an agent of NPC, respondents have already conceded that any claims regarding Clinton's actions as NPC's agent should be arbitrated.